**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BOBBIE FLEMMING,**                                              **PLAINTIFF,**

**VS.**                                       **CIVIL ACTION NO. 4:08CV18-P-S**

**DAVID BAIRD MONTGOMERY;
MONTGOMERY COMMODITIES, INC.;
and R.J. O'BRIEN ASSOCIATES, INC.,**                 **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendants' Motion to Compel Arbitration and Stay Proceedings [8]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion should be denied until and unless it is established that the subject arbitration agreement was in fact signed by the plaintiff.

The plaintiff avers in her affidavit that "none of the signatures [that are shown in plaintiff's Exhibit "C" to her response and on the subject arbitration agreement] looks like my signature. Furthermore, the signature on the arbitration agreement doesn't look like my signature or any of the other signatures [on Exhibit "C"]. I do not believe any of those signatures is [sic] my signature. As I said, I don't remember ever signing any papers for Baird at any time and I am certain that I never signed an arbitration agreement."

The first question to be determined by the court in deciding upon a motion to compel arbitration is whether the parties agreed to arbitrate the dispute in question. *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). In answering this question, the court must determine "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether

the dispute in question falls within the scope of that arbitration agreement." *Id*.

In this instance, the plaintiff alleges that the parties did not agree to arbitrate the dispute because she never signed the arbitration agreement. She alleges that her signature was forged. Where a party to a purported arbitration agreement attacks the very existence of the agreement, it is for the court to decide whether the agreement was formed, not the arbitrator. *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 216 (5th Cir. 2003) ("[W]e implicitly rejected the argument [in *Jolley v. Welch*, 904 F.2d 988 (5th Cir. 1990)] that the forgery issue should have been presented to the arbitrator, and was improperly before the district court.").

State-law contract defenses like fraud or forgery may invalidate arbitration agreements. 9 U.S.C. § 2; *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992) ("If a party has not signed an agreement containing arbitration language, such a party may not have agreed to submit grievances to arbitration at all. Therefore, before sending any such grievances to arbitration, *the district court itself* must first decide whether or not the non-signing party can nonetheless be bound by the contractual language."); *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 628 (6th Cir. 2004); *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 370 (2d Cir. 2003); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir. 1991).

The court has been unable to locate clear Fifth Circuit precedent regarding the mechanics as to how the court is to determine the factual issue of whether the signature on the subject arbitration agreement was forged. In *Jolley v. Welch*, the district court referred the forgery issue to the U.S. Magistrate Judge who in turn determined that the party asserting arbitration did not produce into evidence an agreement at all. 904 F.2d at 993. The district court agreed and ruled that the party asserting arbitration had the burden of proving the existence of a valid arbitration agreement. *Id*. On

appeal, the party seeking arbitration argued that the party alleging forgery had the burden of proving forgery and that the district court erred in referring the matter of forgery to the U.S. Magistrate Judge because the Federal Arbitration Act requires that a claim of fraud in the inducement may not be passed on by a federal court. *Id*. at 993-994. The Fifth Circuit concluded that the district court committed no error in declining to compel arbitration because the district court was unable to determine whether the parties agreed to arbitrate the dispute, given no agreement was produced by the party asserting arbitration. *Id*. at 994. The Court, however, did not comment on the propriety of referring the forgery matter to the U.S. Magistrate Judge.

The plaintiff asserts that she is entitled to a jury trial to determine the issue of forgery pursuant to 9 U.S.C. § 4. Title 9 U.S.C. § 4 provides in pertinent part:

> If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

In their rebuttal, the defendants to not address whether and how a court should determine the issue of forgery. Thus, the court concludes that the plaintiff is entitled to a separate trial to determine forgery pursuant to 9 U.S.C. § 4. Accordingly, if the jury determines that the plaintiff's signature on the subject arbitration agreement was forged, then the court must rule that there is no arbitration agreement and that none of the plaintiff's claims should be compelled to arbitration. If the jury finds

3

no forgery, then the defendants should refile their motion to compel.

Finally, the defendants argue that the decision in *Ameriprise Financial Services, Inc. v. Etheridge*, 2008 WL 1976622 (5th Cir. May 6, 2008) involved identical circumstances and stands for the proposition that the plaintiff's assertion of forgery cannot defeat the motion to compel arbitration. However, the circumstances are distinguishable because unlike the situation in *Etheridge*, the plaintiff in the instant case specifically denies having signed the subject arbitration agreement, in addition to other documents between herself and the defendants, and has produced in Exhibit "C" to her response eight instances of her purported signature. Etheridge simply asserted that he did not "recall signing or executing an arbitration agreement" and never explicitly denied that the subject signature was his own.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Compel Arbitration and Stay Proceedings [8] is **DENIED**;

(2) There shall be a jury trial limited to the issue of whether the signature on the subject arbitration agreement was forged;

(3) The parties are to contact the U.S. Magistrate Judge by Tuesday, July 29, 2008 to conduct a scheduling conference regarding the trial; and

(4) All issues not pertaining to whether the subject signature is in fact that of the plaintiff are hereby **STAYED** until resolution of the matter by the jury.

**SO ORDERED** this the 15th day of July, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE